UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **STARR INDEMNITY & LIABILITY COMPANY**, as subrogee of Jet Zee, LLC,<br>3353 Peachtree Road, N.E.<br>Suite 1000<br>Atlanta, GA 30326<br><br>         Movant-Petitioner,<br><br>v.<br><br>**UNITED STATES CUSTOMS AND BORDER PROTECTION**,<br>40 South Gay Street<br>Baltimore, MD 21202<br><br>         Defendant-Respondent. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Case No. |

\*\*\*\*\*\*

**MOTION FOR RETURN OF PROPERTY PURSUANT TO
RULE 41(g) OF THE FEDERAL RULES OF CRIMINAL
PROCEDURE AND THE COURT'S EQUITY JURISDICTION**

Starr Indemnity & Liability Company, as subrogee of Jet Zee, LLC ("Movant"), by its undersigned counsel, hereby respectfully moves pursuant to Rule 41(g) FED. R. CRIM. PROC. and the equity jurisdiction of this Court, to compel the return of a Beechjet 400, FAA Registration Number N455DW ("the Aircraft"), seized by Defendant/Respondent U.S. Customs and Border Protection ("defendant CBP").

Movant incorporates by reference the (1) Declaration of Gregg A. Pike, Assistant Vice President of Starr Adjustment Services, Inc., a Member of Starr Companies; (2) Declaration of Steven L. Kessler, Esquire, Movant's counsel, and (3) the Exhibits submitted herewith. Movant also has filed a Memorandum in Support of the instant motion, which is being filed separately herewith.

1.     On or about March 1, 2016, defendant CBP seized the Aircraft at Martin

State Airport, Middle River, Maryland.

2. Assistant United States Attorney Richard C. Kay ("AUSA Kay") represented that he was authorized to negotiate the release of the Aircraft on behalf of the government.

3. Pursuant to those representations, Movant negotiated with AUSA Kay for the release of the Aircraft, providing AUSA Kay with all requested information and documentation.

4. From the beginning of negotiations, Movant repeatedly notified AUSA Kay that it was seeking the release and return of the Aircraft.

5. Movant served numerous written requests for the return of the Aircraft on the government, including, but not limited to, Claim Notices sent on March 10, 2016, April 15, 2016 and July 18, 2016.

6. The government failed to provide any written response to Movant's claim notices, failed to release the Aircraft and failed to commence judicial forfeiture proceedings within the requisite statutory time frame or at any time thereafter.

7. On or about August 4, 2016, defendant CBP served a Seizure Notice on Movant pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), seeking the administrative forfeiture of the Aircraft ("the Notice").

8. The government's seizure and retention of the Aircraft is unlawful on numerous grounds, as set forth below.

9. The Notice was served more than five months after the seizure, in violation of all applicable statutes and rules.

10. The seizure exceeds defendant CBP's substantive and monetary

jurisdiction.

11. The seizure violates a search warrant issued to federal and local law enforcement by the Baltimore County Circuit Court for the search of the Aircraft.

12. The Notice contravened AUSA Kay's repeated oral and written representaitons that his office, not defendant CBP, was handling the seizure and negotiations for the release of the Aircraft.

13. The Notice violated AUSA Kay's representations that if the release of the Aircraft could not be negotiated, the government would commence judicial forfeiture proceedings, not administrative forfeiture proceedings.

14. The government failed to commence judicial forfeiture proceedings within the statutory deadlines after Movant served multiple Claim Notices for the return of the Aircraft, or at any time thereafter.

15. The government failed to respond to multiple requests for information regarding the storage and maintenance of the Aircraft despite being provided by Movant with extensive warnings and documentation, resulting, upon information and belief, to substantial damage to the Aircraft.

16. Defendant CBP failed to comply with its own regulations, requiring the release of the Aircraft upon providing a bond or provisional payment of a specified sum.

17. Defendant negotiated in bad faith with Movant and Jet Zee, LLC by imposing a series of escalating and increasingly unreasonable demands and conditions for the release of the Aircraft, including a demand for the Aircraft's original engine and aircraft maintenance books after Movant had produced full and complete copies, alleging reasons that turned out to be false and intentionally misleading.

18.   According to public flight records, defendant CBP or its agents flew the Aircraft from Maryland to Florida without notice to or consent of Movant or Jet Zee and without disclosing whether the Aircraft could be flown without causing additional damage.

19.   Defendant CBP has failed to respond to Movant's response to the Notice within defendant CBP's self-imposed deadlines.

20.   No criminal proceedings have been commenced against Movant, Jet Zee, LLC or, upon information and belief, any other person or entity in connection with the seizure of the Aircraft.

21.   Movant and Jet Zee, LLC are 'innocent owners' of the Aircraft within the meaning of 18 U.S.C. § 983.  There has been no claim or allegation to the contrary.

22.   The seizure and retention of the Aircraft constitutes an unlawful deprivation of Movant's property.

WHEREFORE, for the reasons set forth above and in the accompanying Declarations, Exhibits and Memorandum of Law, Movant respectfully moves this Honorable Court to Order the immediate release and return of the Aircraft to Movant, together with fees, damages, reasonable attorneys' fees and pre- and post-judgment interest pursuant to CAFRA and/or the Equal Access to Justice Act.

Dated:   February 28, 2017

                                             Respectfully submitted,

                                             LAW OFFICES OF CARMEN D. HERNANDEZ

By:   _____
      Carmen D. Hernandez, Esq.

7166 Mink Hollow Rd
Highland, MD  20777
(240) 472-3391
MD Trial Bar No. 03366

Steven L. Kessler, Esq.
LAW OFFICES OF STEVEN L. KESSLER
100 Park Avenue, 34th Floor
New York, New York 10017
(212) 661-1500
*Pro Hac Vice Admission Pending*

> *Attorneys for Movant-Petitioner*
> *Starr Indemnity & Liability Company,*
> *as subrogee of Jet Zee, LLC*

5